UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Favorite Things, a d/b/a
Natasha Athens

    v.                                         Case No. 21-cv-1025-SM

Primmer, Piper,
Eggleston & Cramer, PC

## REPORT AND RECOMMENDATION

    Plaintiff Favorite Things, a d/b/a Natasha Athens, has sued New Hampshire law firm Primmer, Piper, Eggleston & Cramer, PC, alleging tortious and criminal conduct in connection with its defense of a lawsuit filed against a client of the firm.[1]  See Complaint (Doc. No. 1).  The complaint is before this magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(1).  For the reasons that follow, the district judge should dismiss this lawsuit for lack of subject matter jurisdiction over plaintiff's civil claims and for failure to state a claim with respect to her allegations of criminal behavior.

---

[1] See Athens v. Bank of America, No. 21-cv-748-SM (D.N.H. filed Sept. 3, 2021; notice of interlocutory appeal (Doc. No. 59) filed Nov. 30, 2021).

**Preliminary Review Standard**

The magistrate judge conducts a preliminary review of pleadings which are filed in forma pauperis.  See LR 4.3(d).  The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**Background**

Plaintiff claims that while defending of a prior lawsuit against a client of the defendant, an attorney with the defendant firm "put privileged and protected records on file for no reason" with "the intent to destroy the Plaintiff, give out her private data, expose her Social Security number and banking data . . . ." Complaint (Doc. No. 1) ¶ 1-2.  She asserts state-

law claims of defamation, negligent and intentional infliction of emotional distress, trespass to chattel and criminal defamation. Id. at 1. Plaintiff seeks $25 million in damages. Id. at 6.

## Analysis

A. Criminal Allegation

To the extent the plaintiff asserts that the defendant committed criminal defamation in violation of N.H. Rev. Stat Ann. § 644:1, the district judge should dismiss that claim for failure to state a cause of action, as there exists no private right of action for enforcement of criminal laws. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

B.  Subject Matter Jurisdiction

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gun v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The plaintiff has the burden to establish the court's jurisdiction. Calderón-Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013).

To invoke this court's subject matter jurisdiction, plaintiff must allege either that this action raises a federal question, in that the cause of action arises under federal law, or that this court has diversity jurisdiction over the matter. See 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). To establish diversity jurisdiction, plaintiff must assert that the parties are citizens of different states, see id. at § 1332(a)(1), and that the amount in controversy in this action exceeds $75,000. See id. at § 1332(b).

Plaintiff here invokes only New Hampshire law, claiming that the defendants acted tortiously and criminally. Thus, the only basis upon which the court could exercise subject matter jurisdiction is through diversity.

To establish diversity jurisdiction, plaintiff must show that the parties are citizens of different states and that the amount in controversy is more than $75,000. See 28 U.S.C. § 1332. "[D]iversity jurisdiction requires 'complete diversity of citizenship as between all plaintiffs and all defendants.' This means that diversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant." Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 53–54 (1st Cir. 2009) (citations omitted). Here, the face of the complaint indicates that both plaintiff and defendant law firm are New Hampshire citizens. These allegations fail to satisfy

4

the requirement of diversity jurisdiction.  The district judge should therefore dismiss the remainder of the complaint due to lack of subject matter jurisdiction, without prejudice to being filed in an appropriate court.

## Conclusion

For the reasons set forth herein, the undersigned recommends that the district judge assigned to this case dismiss the state law tort claims, without prejudice, for lack of subject matter jurisdiction, and dismiss the criminal claim for failure to state a claim for which relief can be granted.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                      Andrea K. Johnstone
                                                     United States Magistrate Judge

December 6, 2021

cc:   Favorite Things, a d/b/a
      Natasha Athens